IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00132-BNB

LEROY W. BAKER,

    Applicant,

v.

TOM CLEMENTS, Director, Dept. of Corrections,
KEVIN MILYARD, Warden, Sterling Correctional Facility, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Leroy W. Baker, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Sterling Correctional Facility in Sterling, Colorado. Mr. Baker has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 97CR1281 in the El Paso County District Court. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    In an order entered on February 7, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On February 28, 2012, Respondents filed a Pre-Answer Response. Mr. Baker has not submitted a Reply.

The Court must construe liberally the Application filed by Mr. Baker because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

## I.  Background and State Court Proceedings

On December 10, 1997, a jury found Mr. Baker guilty of one count of possession of a controlled substance with intent to distribute. Pre-Answer Resp. Ex. A at p. 19 (State Court Register of Actions). On March 19, 1999, after adjudicating Mr. Baker as a habitual criminal, the trial court sentenced Mr. Baker to forty-eight years in the custody of the Colorado Department of Corrections. *Id.* at 16. The prosecution later advised the trial court that Mr. Baker's sentence was illegal, and his sentence was amended to sixty-four years. *See People v. Baker*, No. 00CA0375 (Colo. App. Oct. 31, 2002) (unpublished opinion) (Pre-Answer Resp. at Ex. B).

Mr. Baker filed a direct appeal to the Colorado Court of Appeals. *Id.* at 12. On October 31, 2002, the appellate court affirmed the district court's judgment. *See Baker*, No. 07CA0186 at 9.

On May 14, 2003, Mr. Baker filed a *pro se* motion for post-conviction relief, which the trial court denied on June 2, 2003. *See* Pre-Answer Resp. at Ex. A, p. 9. Mr. Baker did not file an appeal.

On July 1, 2004, Mr. Baker filed a *pro se* motion for post-conviction relief

pursuant to Colorado Rule of Civil Procedure 35(c), which the trial court denied on July 21, 2004.  *See People v. Baker*, No. 04CA1629 (Colo. App. July 20, 2006) (unpublished opinion) (Pre-Answer Resp. at Ex. D).  Mr. Baker filed an appeal, and the denial was affirmed by the Colorado Court of Appeal on July 20, 2006.  *See id.*  Mr. Baker petitioned for certiorari review, which was denied on February 5, 2007.  *See* Pre-Answer Resp. at Ex. E.

Mr. Baker filed a Petition for a Writ of Habeas Corpus in the state court on March 28, 2007.  Pre-Answer Resp. at Ex. A, p. 7.  Before the state court could rule on the petition, Mr. Baker filed an appeal, which the Colorado Court of Appeals dismissed on August 29, 2007, for lack of a final appealable order.  *See id.*  The trial court issued an order denying the petition for a writ of habeas corpus on August 8, 2011.  *Id.*

Mr. Baker then filed the instant action, which was received by the Court on January 18, 2012.  In the Application, Mr. Baker asserts four claims.

## II.     Timeliness

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was

>  prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Baker's criminal case became final. Because Mr. Baker filed a direct appeal, his conviction became final on December 16, 2002,[1] forty-four days after the Colorado Court of Appeals affirmed his conviction on October 31, 2002, and the last date on which Mr. Baker could have sought review in the Colorado Supreme Court. *See* 28 U.S.C. § 2244(d)(1)(A); *see also* Colo. App. R. 52 (time to petition Colorado Supreme Court for certiorari review expires 30 days after petition for rehearing could have been sought in the appellate court); Colo. App. R. 40 (petition for rehearing may be filed within 14 days after issuance of opinion). As such, the one-year statute of limitations began to run on December 17, 2002, the next

---

[1] The forty-fourth day after October 31, 2002, was December 14, 2002. However, December 14, 2002, was a Saturday. Therefore, the filing deadline extended to December 16, 2002. *See* C.A.R. 26(a).

business day after the conclusion of his direct appeal. *See, e.g., Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2003).

The Court must next determine whether any of Mr. Baker's state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a postconviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Respondents assert that there were no pending motions in Mr. Baker's state

court action between December 16, 2002, and May 13, 2003.  *See* Pre-Answer Resp. at 7; Ex. A, p. 9.  However, in the July 20, 2006 Order issued by the Colorado Court of Appeals, the appellate court stated that "[o]n August 30, 2004, a division of this court issued an order to show cause why portions of defendant's current appeal regarding the final orders issued [by the trial court] on June 21, 2001, January 17, 2003, and June 2, 2003, should not be dismissed."  *See People v. Baker*, No. 04CA1629 (Colo. App. July 20, 2006) (unpublished opinion).  This order appears to indicate that Mr. Baker filed a post-conviction motion that was dismissed by the state court on January 17, 2003.  This post-conviction motion does not appear in the state court docket, and the Respondents have not addressed the significance of this motion.  Nonetheless, assuming that Mr. Baker filed a post-conviction motion that was denied by the state court on January 17, 2003, he would have then had forty-five days, or until March 3, 2003, to file an appeal.  *See* Colo. App. R. 4(b).  Mr. Baker did not file an appeal within this time frame.  Accordingly, the one-year statute of limitations would begin running on March 4, 2003.

There were no pending motions in Mr. Baker's state court action between March 4, 2003, and May 13, 2003.  *See* Pre-Answer Resp. at Ex. A, p. 9.  These 71 days are counted against the one-year statute of limitations.  Mr. Baker filed a post-conviction motion on May 14, 2003, that the state court denied on June 2, 2003.  *See id.*  Mr. Baker then had forty-five days, or until July 17, 2003, to file an appeal.  *See* Colo. App.

R. 4(b).  Mr. Baker did not file an appeal.  Therefore, the limitations period began running again on July 18, 2003.

There were no pending motions in Mr. Baker's state court action between July

18, 2003, and July 1, 2004. Therefore, the limitations period began running on July 18, 2003, and ran for 294 days until it expired on May 7, 2004 (71 days + 294 days = 365 days). Because the one-year limitation period expired before Mr. Baker filed his next motion for post-conviction relief on July 1, 2004, that motion, and any subsequent motions, could not have tolled the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Because Mr. Baker did not file his habeas corpus application in this Court until January 18, 2012, more than seven years after the limitations period expired, the Court finds that the action is untimely and must be dismissed.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See*

*Miller*, 141 F.3d at 978. Finally, Mr. Baker bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Mr. Baker fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court. Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Baker has exhausted his state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  3rd  day of    April      , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court