IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00132-LTB

LEROY W. BAKER,

    Applicant,

v.

TOM CLEMENTS, Director, Dept. of Corrections,
KEVIN MILYARD, Warden, Sterling Correctional Facility, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

---

ORDER DENYING MOTION TO RECONSIDER

---

    Applicant, Leroy W. Baker, a state prisoner who is in the custody of the Colorado Department of Corrections (DOC), filed a *pro se* motion titled, "Petition for Stay of Judgment & to Amend Pursuant to F.R.C.P. 59 & 28 U.S.C. 2253(c)(1)(A)," on April 18. 2012. The Court must construe the motion liberally because Mr. Baker is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The "Petition for Stay of Judgment," therefore, will be construed as a motion to reconsider and will be denied for the reasons stated below.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Baker filed the motion to reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court,

therefore, finds that the motion to reconsider is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion to reconsider and the entire file, the Court concludes that Mr. Baker fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. Baker initiated this action by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 18, 2012. Mr. Baker challenged the validity of his conviction in El Paso County District Court Case No. 97CR1281.

In an order entered on February 7, 2012, Magistrate Judge Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). After receiving an extension of time, Respondents filed a Pre-Answer Response on February 28, 2012. Although he was provided an opportunity to do so, Mr. Baker did not file a Reply within the time provided.

In the Pre-Answer Response, Respondents argued that the application was barred by the one-year limitation period in 28 U.S.C. § 2244(d). After reviewing the application, the Court agreed that the action was untimely. Specifically, the Court found that the judgment of conviction in Mr. Baker's criminal case became final on December 16, 2002, forty-four days after the Colorado Court of Appeals affirmed his conviction on October 31, 2002, and the last date on which Mr. Baker could have sought review in the

Colorado Supreme Court. See 28 U.S.C. § 2244(d)(1)(A); see also Colo. App. R. 52 (time to petition Colorado Supreme Court for certiorari review expires 30 days after petition for rehearing could have been sought in the appellate court); Colo. App. R. 40 (petition for rehearing may be filed within 14 days after issuance of opinion). The Court reviewed the post-conviction motions filed in Mr. Baker's criminal case and determined that the one-year limitation period expired on May 7, 2004. Accordingly, the Court determined that the limitation period expired more than seven years prior to the filing of the application on January 18, 2012. Finally, the Court found that Mr. Baker failed to assert any basis for equitable tolling. Therefore, the action was dismissed as untimely on April 3, 2012. Judgment also entered on April 3, 2012.

In the motion to reconsider, Mr. Baker first argues that he was incarcerated from March 19, 1999, until March 4, 2002, before his attorney filed the opening brief in his appeal. This time period was not counted against the limitations period because Mr. Baker's appeal was pending in the state courts during this time. He also asserts that he was not provided the opportunity to file a Reply to the Pre-Answer Response prior to the Court's dismissal of this action. However, Mr. Baker also admits that he received Magistrate Judge Boland's February 7 Order, which directed the Respondents to file a Pre-Answer Response and informed Mr. Baker that he could filed a Reply within twenty-one days of the filing of the Pre-Answer Response. The Pre-Answer Response was filed with the Court on February 28, 2012. Mr. Baker, therefore, had until March 20, 2012, to either file his Reply or request more time to do so. The Court did not dismiss this action until April 3, 2012, which should have provided ample time for Mr. Baker to submit his Reply. Mr. Baker does not explain his failure to file a Reply within the time

provided.

Finally, Mr. Baker appears to assert that he is entitled to equitable tolling because he is "not responsible for how the system process [sic] the legal work filed" in the state courts. Motion at 3. The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Baker bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

In the motion to reconsider, Mr. Baker fails to demonstrate that circumstances beyond his control made it impossible to file the habeas corpus application on time. *See Miller*, 141 F.3d at 978. Therefore, the Court finds that Mr. Baker has not asserted any of the major grounds that would justify reconsideration in his case, and the motion to reconsider will be denied. *See Servants of the Paraclete,* 204 F.3d at 1012. Accordingly, it is

ORDERED that the "Petition for Stay of Judgment," filed on April 18, 2012, is construed as a Motion to Reconsider pursuant to Federal Rule of Civil Procedure 59(e) and is DENIED.

DATED at Denver, Colorado, this  23rd  day of      April      , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court